**UNITED STATES of America, Appellee**

v.

**Marcus PINKNEY, Appellant.**

No. 07–3093.

United States Court of Appeals,
District of Columbia Circuit.

Oct. 7, 2009.

Rehearing En Banc Denied
Dec. 23, 2009.

Roy Wallace McLeese, III, Assistant U.S. Attorney, U.S. Attorney's Office, Washington, DC, for Appellee.

A.J. Kramer, Federal Public Defender, Washington, DC, for Appellant.

Before: SENTELLE, Chief Judge, GRIFFITH, Circuit Judge, and SILBERMAN, Senior Circuit Judge.

*JUDGMENT*

PER CURIAM.

Upon consideration of the record from the United States District Court for the District of Columbia and the briefs and arguments of the parties, it is

**ORDERED AND ADJUDGED** that the judgment of the district court be affirmed.

Appellant Marcus Pinkney appeals his conviction and sentence. He requests that his case be remanded to the district court for an evidentiary hearing to determine whether his trial counsel was ineffective or, barring such claim, that his case be remanded for resentencing.

To prevail on a claim of ineffective assistance of counsel, Pinkney must show (1) that his counsel's performance was deficient, i.e., the performance fell below an objective standard of reasonableness, and (2) that he suffered prejudice as a result of that deficient performance. *Strickland v. Washington,* 466 U.S. 668, 684–86, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). We find that Pinkney has failed to establish a *prima facie* case as to *Strickland's* first prong, that his counsel's performance was constitutionally deficient. Since the court need not "address both components of the inquiry if the defendant makes an insufficient showing on one," *id.* at 697, 104 S.Ct. 2052, we need not reach *Strickland's* second prong concerning prejudice. In the D.C. Circuit, when a defendant raises an ineffective assistance claim on appeal for the first time, our general practice is to remand for a factual hearing, unless the record conclusively shows that appellant is entitled to no relief. *See United States v. Harris,* 491 F.3d 440, 443 (D.C.Cir.2007). We conclude that the record below conclusively shows that Pinkney cannot prevail on his ineffectiveness claim. We also find

that Pinkney is not entitled to a remand for resentencing as the district court did all that was necessary on sentencing.

We will therefore not disturb the findings of the district court.

Pursuant to Rule 36 of this Court, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing or petition for rehearing *en banc.* See Fed R.App. P. 41(b); D.C.Cir. R. 41.